```
 1
 2
 3
 4
 5
 6
 7              IN THE UNITED STATES DISTRICT COURT FOR THE
 8                    EASTERN DISTRICT OF CALIFORNIA
 9
10   CARL L. NEWMAN,              )       1:04-cv-06033-OWW-SMS-P
                                  )
11            Plaintiff,          )
                                  )
12   vs.                          )       FINDINGS AND RECOMMENDATIONS
                                  )       RE DISMISSAL OF ACTION
13   LAWSON, et al.,              )       (Doc. 21)
                                  )
14            Defendants.         )
                                  )
15
```

16      Plaintiff, Carl L. Newman ("plaintiff"), is a state prisoner

17 proceeding pro se and in forma pauperis in this civil rights action

18 pursuant to 42 U.S.C. § 1983.

19      On March 10, 2006, the court issued an order requiring

20 plaintiff to file an amended complaint curing the deficiencies

21 identified therein OR otherwise notify the court in writing of his

22 desire to voluntarily dismiss the case, within thirty (30) days

23 from the date of service of that order.  The thirty-day period has

24 passed, and plaintiff has failed to comply with or otherwise

25 respond to the court's order.

26      Local Rule 11-110 provides that "failure of counsel or of a

27 party to comply with these Local Rules or with any order of the

28 Court may be grounds for the imposition by the Court of any and all

                                   1

1  sanctions . . . within the inherent power of the Court."  District

2  courts have the inherent power to control their dockets and "in the

3  exercise of that power, they may impose sanctions including, where

4  appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,

5  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,

6  with prejudice, based on a party's failure to prosecute an action,

7  failure to obey a court order, or failure to comply with local

8  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

9  1995)(dismissal for noncompliance with local rule); Ferdik v.

10 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

11 failure to comply with an order requiring amendment of complaint);

12 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for

13 failure to comply with local rule requiring pro se plaintiffs to

14 keep court apprised of address); Malone v. U.S. Postal Service, 833

15 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

16 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.

17 1986)(dismissal for failure to lack of prosecution and failure to

18 comply with local rules).

19       In determining whether to dismiss an action for lack of

20 prosecution, failure to obey a court order, or failure to comply

21 with local rules, the court must consider several factors: (1) the

22 public's interest in expeditious resolution of litigation; (2) the

23 court's need to manage its docket; (3) the risk of prejudice to the

24 defendants; (4) the public policy favoring disposition of cases on

25 their merits; and, (5) the availability of less drastic

26 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

27 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

28 Ghazali, 46 F.3d at 53.

1       In the instant case, the court finds that the public's

2  interest in expeditiously resolving this litigation and the court's

3  interest in managing the docket weigh in favor of dismissal.  The

4  third factor, risk of prejudice to defendants, also weighs in favor

5  of dismissal, since a presumption of injury arises from the

6  occurrence of unreasonable delay in prosecuting an action.

7  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

8  factor -- public policy favoring disposition of cases on their

9  merits -- is greatly outweighed by the factors in favor of

10 dismissal discussed herein.  Finally, a court's warning to a party

11 that his failure to obey the court's order will result in dismissal

12 satisfies the "consideration of alternatives" requirement.  Ferdik

13 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

14 779 F.2d at 1424.  The court's order of March 10, 2006, expressly

15 stated: "Plaintiff is forewarned that his failure to comply with

16 this Order may result in a Recommendation that the action be

17 dismissed pursuant to Local Rule 11-110."  Thus, plaintiff had

18 adequate warning that dismissal could result from non-compliance

19 with the court's order.

20      Accordingly, the court HEREBY RECOMMENDS that this action be

21 DISMISSED based on plaintiff's failure to obey the court's order of

22 March 10, 2006, and pursuant to Local Rule 11-110.

23      These Findings and Recommendations are submitted to the United

24 States District Judge assigned to the case, pursuant to the

25 provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**

26 after being served with these Findings and Recommendations,

27 plaintiff may file written objections with the court.  Such a

28 document should be captioned "Objections to Magistrate Judge's

3

Findings and Recommendations."  Plaintiff is advised that failure
to file objections within the specified time may waive the right to
appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
(9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 18, 2006**                          **/s/ Sandra M. Snyder**
icido3                                                UNITED STATES MAGISTRATE JUDGE